DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| **FIRST BANK PUERTO RICO,** | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | Civil No. 2014-100 |
| **WINSOR DANIEL a/k/a WINSOR EMERSON DANIEL and JUEL DANIEL a/k/a JUEL DELORES DANIEL**, individually and as co-trustees of the Winsor Emerson Daniel Trust and the Juel Delores Daniel Trust, both dated September 29, 2006; and **NAEL SALEM,** | ) | |
|  | ) | |
| Defendants. | ) | |

**ATTORNEYS:**

**Carol Ann Rich, Esq.**
Dudley Rich Davis LLP
St. Thomas, U.S.V.I.
    *For First Bank Puerto Rico;*

**Benjamin A. Currence, Esq.**
Law Offices of Benjamin A. Currence
St. Thomas, U.S.V.I.
    *For Winsor Daniel a/k/a Winsor Emerson Daniel and Juel*
    *Daniel a/k/a Juel Delores Daniel, individually and as co-*
    *trustees of the Winsor Emerson Daniel Trust and the Juel*
    *Delores Daniel Trust, both dated September 29, 2006,*

**Kevin F. D'Amour, Esq.**
MLSPC
St. Thomas, U.S.V.I.
    *For Nael Salem.*

## <u>ORDER</u>

**GÓMEZ, J.**

Before the Court is the motion of First Bank Puerto Rico ("First Bank") for attorney's fees and costs.

On November 20, 2014, First Bank brought an action seeking a judgment of debt and foreclosure of certain properties (the "Properties") in St. Thomas, United States Virgin Islands. On March 8, 2016, the Court accepted in part and modified in part a consent judgment for foreclosure and entered judgment in favor of First Bank. As part of the judgment, the Court ordered the Properties to be sold by the United States Marshal Service (the "U.S. Marshal").

On July 7, 2016, the U.S. Marshal sold the Properties. On August 8, 2016, First Bank moved for an order confirming the sale. The Magistrate Judge granted the motion and entered an order confirming the sale on August 8, 2016. Subsequently, on September 12, 2016, First Bank filed a motion for post-judgment attorney's fees and costs. First Bank seeks $2,175 in attorney's fees and $1,974.21 in costs arising from First Bank's efforts to sell the properties following the Court's March 8, 2016, judgment.

Federal Rule of Civil Procedure 54 ("Rule 54") provides that a motion for attorney's fees "must ... be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B); *see Hall v. Hall*, No. 2011-cv-54, 2016 WL 8650484, at *8 (D.V.I. Mar. 30, 2016) (applying Rule 54 to motions filed under 5 V.I.C. § 541). For the purposes of Rule 54, "judgment"

means "a decree or any order from which an appeal lies." Fed. R. Civ. P. 54(a). When a party incurs attorney's fees seeking relief after judgment has been entered, the event that starts the clock is when the court enters its subsequent adjudication on those efforts seeking post-judgment relief. *See Bernback v. Greco*, No. 05-4642, 2007 WL 108293, at *2 (3d Cir. Jan. 16, 2007) ("[T]he relevant event for purposes of a motion for supplemental fees is the entry of the judgment that required the prevailing party to incur the additional fees. . . . Thus, when a party is entitled to additional fees for successfully opposing post-judgment motions, the fee application should be filed within 14 days of entry of denial of those motions, not within 14 days of the initial entry of ju[d]gment."); *see also FirstBank Puerto Rico v. Jaymo Properties, LLC*, No. 2008-cv-70, 2013 WL 606031, at *2-4 (D.V.I. Feb. 19, 2013) (denying as untimely a motion for attorney's fees filed simultaneously with motion for order confirming sale with respect to fees incurred seeking default judgment and foreclosure but granting with respect to fees incurred selling foreclosed property).

    Here, First Bank incurred post-judgment attorney's fees while selling the Properties and seeking confirmation of that sale. The Magistrate Judge entered an order confirming the sale of the Properties on August 8, 2016. Thus, First Bank was

required to file its motion for attorney's fees "no later than 14 days after [August 8, 2016.]" First Bank filed its motion for attorney's fees on September 12, 2016, well outside the 14-day time limit. Accordingly, the request for attorney's fees is untimely.

The time-limit for motions for costs is set by local rule. *See* LRCi 54.1; *Hall*, 2016 WL 8650484, at *9. The relevant local rule provides:

> Within thirty days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the Clerk of the Court a Bill of Costs, together with a notice of motion when application will be made to the Clerk to tax the same.

LRCi 54.1(a). Here, the order allowing costs in this matter was entered on August 8, 2016. As such, First Bank was required to file its motion for costs no later than September 7, 2016. First Bank filed its motion for costs on September 12, 2016. Accordingly, the request for costs is also untimely.

Nevertheless, the Court may extend the time for filing a motion after the time has "expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Here, First Bank has not argued that there was excusable neglect nor provided any evidence of excusable neglect.

The premises considered, it is hereby

*First Bank Puerto Rico v. Daniel, et. al.*
Civil No. 2014-100
Judgment
Page 5

**ORDERED** that First Bank's motion for attorney's fees and costs docketed at ECF Number 59 is **DENIED.**

                                                                  S_____
                                                                    **CURTIS V. GÓMEZ**
                                                                    **District Judge**